UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDDIE BRIM,

                Plaintiff,

          -against-

PECKHAM INDUSTRIES, INC.,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**WP4**

**07 CIV. 0377**

Plaintiff, Eddie Brim, by his attorneys JACOBOWITZ & GUBITS, LLP hereby complains of the Defendant as follows:

## THE PARTIES

1.     Plaintiff (hereinafter "Brim" or "Plaintiff"), is an individual with a residence in Peekskill, New York, County of Westchester.

2.     Upon information and belief, Defendant, Peckham Industries, Inc. (hereinafter "Peckham" or "Defendant") is a foreign corporation authorized to do business under the laws of the State of New York, with a corporate headquarters at 20 Haarlam Avenue, White Plains, New York 10603, and employed Plaintiff at all relevant times as hereinafter mentioned.

## JURISDICTION AND VENUE

3.     This action arises under 42 U.S.C. § 2000e et seq.; 42 U.S.C. §1981 et seq.; and supplemental jurisdiction over New York State Executive Law §296 et al.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1337.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

6.     Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on August 17, 2005 claiming discrimination on the basis of race, color, national origin and retaliation. Plaintiff thereafter filed an Amended Complaint on September 7, 2005. Plaintiff received a Determination after Investigation of "Probable Cause" on August 16, 2006. Plaintiff received a Right to Sue Letter dated October 16, 2006 and has timely commenced this action within ninety (90) days of receipt thereof.

## STATEMENT OF FACTS

7.      Plaintiff is a light-skinned African American individual who suffered discrimination as hereinafter set forth and engaged in protected activity by complaining of discrimination relating to his employment with the Defendant herein.

8.      Plaintiff was hired by Defendant on May 12, 2005 as a part of Defendant's "Powder Crew" working with explosives. Plaintiff was the only African American employee. Plaintiff is licensed and certified by the State of New York as an Operating Engineer/Journeyman. Plaintiff has 7 years experience in the field.

9.      At all times hereinafter mentioned, Plaintiff's time, attendance and performance were satisfactory. Plaintiff was promoted from "Powder Crew" to "Scaler" after 4 weeks by Plant Manager, David Woods. Michael Denton was Plaintiff's Foreman.

10.      After Plaintiff's promotion to Scaler, Plaintiff was subjected to racial slurs by co-workers and Michael Denton. When Plaintiff entered the break room others would stop talking and Plaintiff became socially isolated. Additionally, as the break room is on the other side of the mine, transportation was required. Although non-black employees were provided such transportation, Plaintiff would not be picked up and would be unable to utilize the accommodations for such purpose. Plaintiff's foreman, Mike Denton would regularly make racial slurs and derogatory comments to other employees in Plaintiff's presence about and concerning black minorities.

11.      On August 8, 2005, a powder truck caught fire inside the mine. Foreman Denton notified and evacuated everyone except for Plaintiff. This was an extremely dangerous situation and exposed Plaintiff to serious injury or death.

12.      About a week before the fire, Plaintiff informed Denton that his radio was gone. Denton refused to replace it and instead gave Plaintiff one that Denton knew was broken and told Plaintiff it was broken.

13.      After the fire, Plaintiff complained to Plant Supervisor, David Wood. Plaintiff was very frightened and told him that Plaintiff was very concerned, and said that Plaintiff did not

have a radio and feared for his safety. In response, Mr. Wood said "You know, I think we are going to have a lay-off and you're laid-off".

14.     There was no need for lay-off. There were others there who had been with Defendant for less time but were not laid off. Additionally, if there actually was a lack of work then persons less senior than Plaintiff would have been laid off first. Believing the termination was a result of discrimination relating to his promotion, Plaintiff offered to go back to his former position but was denied.

15.     All employees except Plaintiff are non-African American minorities. To Plaintiff's knowledge, he was the first person of color to work for Defendant.

16.     Plaintiff complained to the Union of his termination and filed a grievance.

17.     As a result of such grievance, on August 21, 2005, Plaintiff returned to work and was asked to sign a paper stating ending the arbitration charges his union had pursued. Plaintiff signed as he was advised by his union representative that such was necessary to get his job and back pay. Further, Plaintiff was advised by his union that in discussing his complaint with his employer, the union said that Defendant should not have laid him off since there was no "paper trail" indicating a problem with my performance and that Plaintiff was a good employee.

18.     Upon return to work, Plaintiff was immediately demoted and was not placed back on the Scaler, but instead was placed back on the Powder Crew.

19.     On August 17, 2005, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights regarding the conduct previously mentioned herein.

20.     On August 25, 2005, Plaintiff did not receive his pay at the end of the day. When he asked about it, he was told that he would be paid on the following Wednesday.

21.     On August 29, 2005, Plaintiff was written up for several purported "performance" incidents. Plaintiff believes this was to create a "paper trail" of pretextual performance problems to justify a wrongful termination based upon discrimination and/or retaliation. Later that same day, Plaintiff burned his ankle with caustic chemicals contained in a power washer after being furnished defective protective equipment (boots) and was sent home for three days.

22.     On September 1, 2005, Plaintiff received a phone call from his union

representative advising him that he had been terminated.

23.     Said termination was a continuation of the Defendant's discriminatory actions and in retaliation as a result of Plaintiff's filing a complaint of discrimination with the New York State Division of Human Rights.

24.     The pattern and practice of discrimination directed toward Plaintiff individually and as a member of a minority included without limitation:

      a.    considering Plaintiff's race, color and/or national origin when making employment decisions regarding demotion, discipline and termination;

      b.    humiliating, intimidating, and demeaning Plaintiff through inappropriate remarks about race;

      c.    making significant employment decisions based on race, color and/or national origin;

      d.    creating a racially hostile work environment;

      e.    retaliating against Plaintiff for raising complaints of discrimination.

25.     Defendant discriminated and retaliated against Plaintiff concerning the terms, conditions and privileges of employment. Defendant treated white and non-black minority employees better than African American employees. Defendant administered evaluation, criticism and discipline on a discriminatory basis. In addition, white and non-black employees were given access to benefits and privileges of employment including but not limited to break time, protective and/or safety equipment, car service and working conditions, whereas these same benefits and privileges of employment were denied to African American employees.

26.     As a result of the Defendant's reckless, willful, malicious and/or intentional discriminatory conduct towards Plaintiff, Defendant intended to cause and did cause Plaintiff physical harm and injury; duress, emotional distress and psychological injury and other damages.

## FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF

27.     By reason of the foregoing, Defendant Peckham has violated Civil Rights Laws 42 U.S.C. §2000e et seq.

28.     The discriminatory, harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendant because of color, race and/or national origin and the denial of equal opportunity, terms, conditions, and perquisites of employment were in violation thereof.

29.     As a result of Defendant's discriminatory, harassing, reckless, unlawful, wanton and malicious conduct Plaintiff suffered emotional and economic damage.

30.     By reason of Defendant's conduct, Plaintiff is entitled, but not limited to back pay, compensatory damages, punitive damages, reinstatement, damages for emotional distress, attorney's fees, costs and disbursements or any other remedy to which he may be entitled.


**SECOND CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**

31.     Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

32.     By reason of the foregoing, Defendant Peckham has retaliated against Plaintiff and violated Civil Rights Laws 42 U.S.C. §2000e et seq.

33.     The harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendant for making a complaint of discrimination, objecting to discriminatory conduct; participating in a claim of discrimination and being a witness to discrimination; and the denial of equal opportunity, terms, conditions, and perquisites of employment is retaliation.

34.     As a result of Defendant's harassing, reckless, unlawful, wanton and malicious retaliatory conduct Plaintiff suffered emotional and economic damage.

35.     By reason of Defendant's retaliatory conduct, Plaintiff is entitled, but not limited to back pay, compensatory damages, punitive damages, reinstatement, damages for emotional distress, attorney's fees, costs and disbursements or any other remedy to which he would be entitled.


**THIRD CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**

36.     Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

37.     By reason of the foregoing, the discriminatory treatment of Plaintiff by Defendant Peckham was due, in whole or in part, to race, color and/or national origin, in violation of the Human Rights Law of the State of New York §296 et seq.

38.     The discriminatory, harassing, reckless, wrongful willful and malicious treatment of the Plaintiff by Defendant Peckham because of national origin, and the denial of equal opportunity, terms, conditions, and perquisites of employment were in violation thereof.

39.     As a result of Defendant Peckham discriminatory, harassing, reckless, unlawful, wanton and malicious conduct Plaintiff suffered emotional and economic damage.

40.     By reason of Defendant Peckham conduct, Plaintiff is entitled, but not limited to back pay, compensatory damages, reinstatement, damages for emotional distress, costs and disbursements or any other remedy to which he would be entitled.

## FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF

41.     Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

42.     By reason of the foregoing, the discriminatory treatment of Plaintiff by Defendant Peckham was due, in whole or in part, to retaliation, in violation of the Human Rights Law of the State of New York §296 et seq.

43.     The harassing, reckless, wrongful willful and malicious treatment of the Plaintiff by Defendant Peckham, and the denial of equal opportunity, terms, conditions, and perquisites of employment were retaliatory for Plaintiff having engaged in protected conduct or being a witness thereto.

44.     As a result of Defendant Peckham harassing, reckless, unlawful, wanton and malicious retaliatory conduct Plaintiff suffered emotional and economic damage.

45.     By reason of Defendant Peckham retaliatory conduct, Plaintiff is entitled, but not limited to back pay, compensatory damages, reinstatement, damages for emotional distress, costs and disbursements or any other remedy to which he would be entitled.

## FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF

46. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

47. By reason of the foregoing, Defendant Peckham discriminatory treatment of Plaintiff was in violation of 42 U.S.C. §1981.

48. As a result thereof, Plaintiff suffered injury and/or damages.

49. By reason thereof, Plaintiff is entitled, but not limited to back pay, compensatory damages, punitive damages, reinstatement, damages for emotional distress, attorney's fees, costs and disbursements or any other remedy to which he may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 16, 2007
      Walden, New York

                          Joseph J. Ranni, Esq. (JR-8537)
                          Jacobowitz & Gubits LLP.
                          Attorneys for the Plaintiff
                          158 Orange Avenue
                          P.O. Box 367
                          Walden, NY 12586
                          (845) 778-2121